# NEW YORK v. IRVING TRUST CO., TRUSTEE IN BANKRUPTCY.

No. 304. Argued January 13, 1933.—Decided February 13, 1933.

*Mr. Robert P. Beyer,* with whom *Mr. John J. Bennett, Jr.,* Attorney General of New York, was on the brief, for petitioner.

*Mr. S. John Block* for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The Experimenter Publishing Company was adjudged bankrupt March 6, 1929. The Irving Trust Company be-

came trustee. Upon its petition the referee, July 1, 1929, directed that "proof of any and all claims which the State of New York may have against the estate of the above named bankrupt," shall be filed within sixty days after service of this order; otherwise, they shall be forever barred. Proper service was had July 18, 1929.

October 20, 1929, the State filed notice of a possible demand for additional franchise taxes for 1917 to 1928 and stated that definite claim therefor would be presented when necessary reports, etc., could be obtained. No further proof has followed.

March 30, 1931, the trustee asked and obtained a referee order striking from his files the notice of October 20th. He held that the claim for taxes "cannot be filed after the expiration of the bar order date" and declared "The State has only itself to blame for the situation it finds itself in as the record indicates that facts were within its knowledge upon which it could have filed this claim prior to September 16, 1929." The District Court approved this action and the Circuit Court of Appeals affirmed its judgment, "but without prejudice to an application by the people of the State of New York presenting an actual claim which can be audited and showing lawful reasons why it should be paid, at which time the trustee may contest the right of payment." 58 F. (2d) 980, 981.

The only question properly presented by the application for certiorari is whether the District Court had power to grant the motion to expunge. Petitioners claim that such power is incompatible with state sovereignty as defined in *Marshall* v. *New York,* 254 U. S. 380.

Nothing adjudged below conflicts with anything said in *Marshall* v. *New York.* There we recognized the prior right of the State to be paid license taxes, unsecured by specific lien, from the assets of an insolvent estate. Here, no such question is presented.

The bar order against the State, as finally modified, may be revoked upon proper showing until termination of the cause—it remains within control of the court. See *United States v. Elliott*, 57 F. (2d) 843. And if the District Court has power to make any such order against a State, this one seems appropriate to the circumstances.

An ill-digested brief for the State beclouds its present position. But we consider only the point relied upon in the petition for certiorari, and that is without merit.

The Federal Constitution clothes the Congress with power to establish uniform laws on the subject of bankruptcies.

The extant Bankruptcy Act—§ 2—declares the United States District Courts shall be courts of bankruptcy and undertakes to give them jurisdiction to adjudge persons bankrupt; to allow or disallow claims; to take charge of the property of bankrupts; to cause their estates to be collected, reduced to money and distributed; to determine controversies in relation thereto; to close estates when fully administered; and make such general orders as may be necessary for enforcement of the Act. Section 64 requires payment of taxes due to the United States, state, county, district or municipality in advance of dividends to creditors. Section 57, (n), provides that claims shall not be proved after six months subsequent to adjudication. Act May 27, 1926, c. 406, § 13, 44 Stat. 666.

It is admitted here, that as the United States and the States are not mentioned in the limitation of § 57, they are not bound thereby. The consequent necessity for bar orders is apparent. Otherwise, estates could not be promptly closed. *Lewis* v. *United States*, 92 U. S. 618; *United States* v. *Thompson*, 98 U. S. 486, 490; *New Jersey* v. *Anderson*, 203 U. S. 483; *Guarantee Title Co.* v. *Title Guaranty Co.*, 224 U. S. 152; *United States* v. *Birmingham Trust & Savings Bank*, 258 Fed. 562; *Villere* v. *United States*, 18 F. (2d) 409; *Wechsler* v. *United States*, 27 F. (2d) 850.

*In re Wood & Henderson*, 210 U. S. 246, 254—" Congress has the right to establish a uniform system of bankruptcy throughout the United States and, having given jurisdiction to a particular District Court to administer and distribute the property, it may in some proper way in such a case as this call upon all interested to appear and assert their rights."

*United States Fidelity & Guaranty Co.* v. *Bray*, 225 U. S. 205, 217,—

." We think it is a necessary conclusion from these and other provisions of the Act that the jurisdiction of the bankruptcy courts in all ' proceedings in bankruptcy ' is intended to be exclusive of all other courts and that such proceedings include, among others, all matters of administration, such as the allowance, rejection and reconsideration of claims, the reduction of the estates to money and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allowance and payment in regular course, and the supervision and control of the Trustees and others who are employed to assist them. . . . A distinct purpose of the Bankruptcy Act is to subject the administration of the estates of bankrupts to the control of tribunals clothed with authority and charged with the duty of proceeding to final settlement and distribution in a summary way as are the courts of bankruptcy."

*William Filene's Sons Co.* v. *Weed*, 245 U. S. 597, 601, 602,—receivership in a court of equity which had possession of the corporate assets—

." When a statutory system is administered. the only question for the courts is what the statutes prescribe. But when the courts without statute take possession of all the assets of a corporation under a bill like the present and so make it impossible to collect debts except from the court's hands, . . . [then] In order to make a distribu-

tion possible, they must of necessity limit the time for the proof of claims."

*Van Huffel* v. *Harkelrode,* 284 U. S. 225, 228—

" No good reason is suggested why liens for state taxes should be deemed to have been excluded from the scope of this general power to sell free from encumbrances. Section 64 of the Bankruptcy Act grants to the court express authority to determine 'the amount or legality' of any tax. . . . Realization upon the lien created by the state law must yield to the requirements of bankruptcy administration."

The federal government possesses supreme power in respect of bankruptcies. *International Shoe Co.* v. *Pinkus,* 278 U. S. 261, 265. If a state desires to participate in the assets of a bankrupt, she must submit to appropriate requirements by the controlling power; otherwise, orderly and expeditious proceedings would be impossible and a fundamental purpose of the Bankruptcy Act would be frustrated.

*Affirmed.*