In re. STANBROUGH.

In re PEIRCE.

In re HAMPTON.
Nos. 9295; 9304, 9311.

District Court, S. D. Iowa, Central Division.
June 24, 1938.

Chas. M. Bump, of Des Moines, Iowa, for debtor Howard L. Stanbrough.

Thos. J. Butler, Jr., of Des Moines, Iowa, for debtor Theodore B. Peirce.

Dana Reed, of Des Moines, Iowa, for debtor Charles H. Hampton.

E. G. Moon, U. S. Atty., of Ottumwa, Iowa, and C. I. Level, Asst. U. S. Atty., of Des Moines, Iowa, for the United States.

DEWEY, District Judge.

The above entitled matters came on for hearing in open court with reference to certain administrative procedure in each of the cases on a certificate of the referee to the judge. The referee certifies certain questions which are practically identical in each case that he might have a decision of the court for the determination of these questions and like questions which are frequently to arise under the administration of Section 74 of the Bankruptcy Act, 11 U.S. C.A. § 202. The parties in each case have agreed to this procedure and that the judgment of the court herein shall be final and thus save time in referring the matter back to the referee and requiring a review before the questions could be settled by the court.

The questions for determination in each case are as follows:

(1) Should the claim of the United States of America filed in the above entitled matter be allowed?

(2) If the claim of the United States of America is allowed, should it be allowed as a prior claim against the above named debtor?

In each case the facts are stipulated and need not here be restated and the stipulation of facts are found and determined as the facts in the case.

In each case it is established that the United States of America through the proper administrator has had both constructive and actual notice of the fact that the debtor had made a proposal for an extension of time to pay his debts, that unless claims were filed and allowed by dates specified in the notice they should be barred so far as participation in the plan of composition or extension is concerned, and that in each case the United States of America failed to file any claim within the time prescribed but in each case did file a claim that was subsequent to the order of the referee approving the extension plan proposed by the debtor

and barring all creditors whose claims had not been within the time prescribed filed and approved.

The claim of the Government is that it is entitled to priority of payment under Title 11, Chap. 7, Sec. 104, of the United States Code, 11 U.S.C.A. § 104, and by virtue of Title 31, Chap. 6, Sec. 191, of the United States Code, 31 U.S.C.A. § 191.

The latter section reads as follows:

"Whenever any person indebted to the United States is insolvent, * * * the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof * * *."

The debtors here were insolvent at the date they filed their petitions asking that each of them be allowed a composition or extension of their debts. If there were any debts due from them at that time to the United States, there is no doubt that the United States was entitled to the above priority under the express provisions of that section. Wagner, Trustee v. McDonald, Fed. Housing Adm'r, 8 Cir., 96 F.2d 273, opinion Apr. 27, 1938; In re Wilson, D. C., 23 F.Supp. 236.

However, at the time of the filing of the petition by each debtor he was not indebted to the United States on any of the claims now filed for allowance in the estate as the assignments of the debt, as shown by the exhibits attached to the claim filed by the administrator for the United States, were subsequent to the date of the filing of the petition, and in the Stanbrough case the debt was not acquired by the Government until after the composition offered by the debtor had been approved by the referee.

The other section on which the administrator asks that the claim of the United States be allowed in these proceedings is Title 11, Sec. 104, U.S.C., 11 U.S.C.A. § 104, which reads:

"The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be * * * (7) debts owing to any person who by the laws of the States or the United States is entitled to priority: Provided, That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States."

It is to be noted that this latter law refers only to priority of debts in advance of the payment of dividends to creditors and only when it is to be paid in full out of bankrupt estates. In the cases at bar there is no estate from which payments can be made. Each debtor is a salaried employee and his estate consists of property exempt under the law. The plan of the debtor proposed by him in each case and approved by the creditors whose claims have been filed has to do with new money which the debtor expected to earn in the future and thus pay to his creditors. It is therefore apparent that any claim of the United States for payment out of funds which are to be earned by the debtor in the future does not come within the provisions of this section.

However, the Act itself is more liberal with regard to the allowance of claims and the rights of priority lienholders. With reference to the priority claims of the Government, subsection (a) of Section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202(a), under which these proceedings were instituted, provides:

"The term 'debt' for the purposes of an extension proposal under this section shall include all claims of whatever character against the debtor or his property, including a claim for future rent, whether or not such claims would otherwise constitute provable claims under this title."

And subsection (j) of Section 74, 11 U.S.C.A. § 202(j), provides:

"Upon the confirmation of a composition the consideration shall be distributed as the court shall direct, and the case dismissed: Provided, That the debts having priority of payment under section 104, of this title, for bankrupt estates, shall have priority of payment in the same order as set forth in said section 104 under the provisions of this section in any distribution, assignment, composition, or settlement herein provided for."

These sections it would seem to me are broad enough to include the conditional claims of the Government, and had they been filed within the time prescribed by the referee the claims would have been allowed and provision for priority of payment of the debts due the Government considered by the creditors at their meetings to determine whether they would accept the debtor's proposal of composition or extension.

Considering then that the Government has such a right, the question for determination is whether the Government can file such a claim for priority and have it allowed in proceedings under Section 74 of the Bankruptcy Act after those proceedings had reached the point of approval by the referee of the plan proposed by the debtor and accepted by the creditors.

It will be noted that we are only considering whether the claim of the Government should be allowed if filed at this time; but such an allowance would be a vain act unless further proceedings were instituted and permission granted to reopen the estate, set aside the order of the referee, call a new meeting of the creditors with a new offer of composition, and thus undo entirely that which has already been done by the creditors and the debtor acting under the procedure authorized by the Congress. Congress having provided a means for enforcing the statutory priority of the Government certainly did not intend they should be enforced in a manner that would destroy a procedure specially provided by it.

It is certainly the duty of the administrator to file claims for and on behalf of the Government in these bankruptcy estates and see that the priorities due the Government are properly protected, but I find nothing in the Act, as above said, to permit him as an individual to demand rights for and on behalf of the Government after he has been properly barred from participating in a procedure by reason of his failure to act on due notice. New York v. Irving Trust Co., 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815.

In the case of Theodore B. Peirce the facts establish that the Government now holds a conditional sales contract on a refrigerator and while in a letter to the referee the administrator suggests that it should have a right to repossess the refrigerator under its conditional sales contract, no such claim is made in the form of a claim filed in that case. While it is not necessary for decision on the questions certified by the referee, for future guidance of these cases, I can see at the present time no reason why on an application by the Government, even after a plan has been proposed and approved by the creditors, the Government may not on a proper showing reclaim the property on which it has a conditional sales agreement, if it does not interfere with the proposed plan of the debtor.

Questions of the allowance of claims or the opening of an estate are more or less discretionary with the court, but liberality

is required where it does not affect the other creditors or actions theretofore had. In the case where the Government has a mortgage and in the light of the statutes saying that the Government should have a priority in the distribution of the "estate," it would seem a proper discretion of justice and equity that the Government should be permitted to reclaim that property on which it has such a claim irrespective of the fact that the court might in its discretion refuse to permit interference with the estate of the debtor until his plan and proposal of composition or extension had been carried out.

In each of the cases therefore I find as follows:

As to Question No. 1, the answer is No.

As to Question No. 2, the answer is likewise No.

The referee will enter appropriate orders in conformity with this order of the court and the same shall be considered as the orders of this court. To all of which the debtors separately except.