## ARKANSAS CORPORATION COMMISSION
### et al. v. THOMPSON.
### No. 11864.

Circuit Court of Appeals, Eighth Circuit.

Dec. 26, 1940.

Writ of Certiorari Granted March 3, 1941.

See 61 S.Ct. 733, 85 L.Ed. ——.

180

Joseph M. Hill, of Fort Smith, Ark. (Jack Holt, Atty. Gen:, Leffel Gentry, Asst. Atty. Gen., and Hill, Fitzhugh & Brizzolara, of Fort Smith, Ark., on the brief), for appellants.

James M. Chaney, of St. Louis, Mo. (Harvey G. Combs, of Little Rock, Ark., on the brief), for appellee. .

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

PER CURIAM.

The Missouri Pacific Railroad Company is the debtor in proceedings under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, for the reorganization of a railroad pending in the federal district court in Missouri, and has extensive properties in Arkansas. Its trustee filed a petition in the district court in the reorganization proceedings on April 11, 1940, in which it was alleged that the Arkansas Corporation Commission, charged with the duty of assessing the railroad's property in the state for taxation, had assessed the same at the sum of $28,050,000 for the year 1939; that said assessed value is discriminatory, in violation of Section 5 of Article XVI of the Constitution of Arkansas; greatly in excess of the fair market value of said properties which the Arkansas statute provides shall be the basis for assessment and would impose upon the trustee such an undue and disproportionate share of the taxes in Arkansas as to deprive the trustee of his property without due process of law and the equal protection of the laws, in violation of the federal constitution. The trustee alleged that by section 64 of the Federal Bankruptcy Act, as amended June 22, 1938, 11 U.S.C.A. § 104, sub. a(4), it is provided that this court shall make no order for the payment of a tax assessed against the property of the trust estate in excess of the value of the debtor's interest therein as determined by the court, "And provided further, That, in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court." The petitioner prayed that the court hear and determine the amount and legality of the taxes assessed for the year 1939 against the property of the trustee in Arkansas, and that pending the determination by the court of the amount and legality of the taxes assessed, that the trustee be authorized to pay or tender payment in the aggregate sum of $620,645.03 (about sixty per cent) and to withhold any further taxes based upon the assessment until the further order of the court. On presentation of the trustee's petition, the court entered its order that the petition be set for hearing on a date certain and that the trustee should give notice of the hearing by sending notice to all parties who customarily receive printed copies of the record in the proceeding, and to the Attorney General of Arkansas, each member of the Arkansas Corporation Commission and each of the county collectors of the several counties in which taxes have been levied against the property of the trustee for the year 1939. It was also ordered that the trustee be authorized to pay or to tender payment to the several collectors of the counties in the aggregate amount of $620,645.03, based upon the maximum proper assessment of said properties as conceded by the trustee, and to withhold until the further order of the court any additional taxes for the year 1939 based on the assessment made, pending the determination by the court of the amount and legality of the taxes so assessed.

The Arkansas Corporation Commission appeared on behalf of itself and the fifty-one tax collectors and presented a motion in writing that the petition of the trustee of April 11, 1940, be dismissed, and that the order entered upon the petition be in all respects dissolved. A hearing was had upon the motion and it was overruled. In an opinion accompanying its ruling on the motion, and its order, the court stated its conclusion that the petition of the trustee was sufficient in law and presented a controversy within the court's jurisdiction in bankruptcy, and that section 64, sub. a of the Bankruptcy Act of 1938 "commits to the bankruptcy court the jurisdiction to hear and determine the validity of any tax asserted against the bankrupt estate which may be in dispute", and that none of the grounds presented in the motion justified dismissal of the trustee's petition or dissolution of the order made respecting the amount of the taxes to be paid or tendered to be paid by the trustee pending determination of the amount and validity of the disputed tax.

From this interlocutory order denying the motion the Arkansas Corporation Commission and its members and the fifty-one county collectors of taxes have appealed. They contend, as they did in the court below:

(1) That section 64, sub. a of the Bankruptcy Act of 1938 is not a part of Section 77 (covering railroad reorganization); (2) that said section 64, sub. a is applicable only to taxes which have accrued against a bankrupt prior to bankruptcy; (3) that the court's order authorizing the trustee to pay or tender to be paid a part only of the tax assessed in Arkansas is in effect an order of injunction against the payment of a tax and is violative of 28 U.S.C.A. § 41, in that the laws of Arkansas afford the trustee a plain, speedy and adequate remedy, and (4) that the trustee's petition does not state facts sufficient to justify any judicial relief against the tax assessment complained of.

In limine the trustee has presented that this court should decline to entertain this appeal as the order appealed from is in a proceeding in bankruptcy and is manifestly interlocutory and is not conclusive of the merits of the controversy between the trustee and the Arkansas tax authorities. But we conclude that the appeal is authorized by the provisions of Section 24, subs. a, b, of the Bankruptcy Act, as amended June 22, 1938, 52 Stat. 854, 855, 11 U.S.C.A. § 47, subs. a, b, and decline to dismiss it.

(1) The question whether the provisions of 64, sub. a of the Bankruptcy Act were applicable in proceedings under Section 77 of the Act was necessarily involved in our decisions in St. Francis Levee District v. Kurn, 8 Cir., 91 F.2d 118, certiorari denied, 302 U.S. 750, 58 S.Ct. 272, 82 L.Ed. 580, and St. Francis Levee District v. Kurn, 8 Cir., 98 F.2d 394, certiorari denied, 305 U.S. 647, 59 S.Ct. 153, 83 L.Ed. 418. Each of those cases involved a railroad reorganization under Section 77 and in each of them the jurisdiction of the bankruptcy court was invoked by the railroad trustees and relief against taxes assessed pursuant to state authority was sought under the provisions of Section 64, sub. a. We held that the power conferred upon the bankruptcy court by that section to hear and determine the amount and validity of disputed taxes was applicable in proceedings for reorganization of a railroad under Section 77, and our mandate directed the bankruptcy court to proceed to hearing and determination of the validity and amount of the taxes in the cases in which the appeals were taken.

We did not reach our conclusion without full appreciation of the very great burden of responsibility that section 64, sub. a may impose upon the bankruptcy court in railroad reorganization proceedings, and we were not unmindful that during the period of railroad reorganization the several states through which the debtor railroads run may be temporarily restricted in the exercise of their general and customary sovereign powers in respect to the collection of taxes assessed against property within their borders. The relevant considerations on behalf of the state are ably developed in the brief of appellants and additional citations filed after oral argument.[1] But we decline to recede from our decisions rendered in the St. Francis Levee District cases. The reorganization of the debtor railroads in bankruptcy can not be regarded as a matter of merely local concern of some one state through which the roads may run. "The Constitution grants Congress exclu-

---

[1] Yale Law Journal, Vol. 50, p. 165, November, 1940.

sive power to regulate bankruptcy and under this power Congress can limit the jurisdiction which courts, State or Federal, can exercise over the person and property of a debtor who duly invokes the bankruptcy law." Kalb v. Feuerstein, 308 U.S. 433–439, 60 S.Ct. 343, 346, 84 L. Ed. 370. It is vitally necessary that the bankruptcy court to which the reorganization of the railroad debtor herein has been confided by section 77 of the Act should be empowered to determine the validity and amount of all liens against the railroad property and to marshal them in order to accomplish the purpose of the reorganization proceedings. Section 64, sub. a confers such power in respect to taxes. St. Francis Levee District cases, supra; Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020; Isaacs v. Hobbs Tie & Lumber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Henderson County v. Wilkins, 4 Cir., 43 F.2d 670. See New York v. Irving Trust Company, 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815.

■ (2) As to the contention that Section 64, sub. a is applicable only to taxes which have accrued against the railroad debtor prior to the institution of proceedings under Section 77. The relevant wording of 64, sub. a as it appears in the 1938 amendment is "in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court" (meaning the bankruptcy court), and we discern no reason to hold that the words "any taxes" should be restricted as contended for. The amendment of the Bankruptcy Act of June 22, 1938, does not change the classification of taxes accruing during the trustee's possession as part of the cost and expenses of administration which are subject to the determination of the bankruptcy court. As the court must pass upon them for the purpose of allowance or disallowance, it is necessary that it should have the power to hear and determine their amount and legality. The contention is overruled.

■ (3) We are not persuaded that the preliminary order of the bankruptcy court directing the trustee to pay or to tender to pay a part of the taxes in dispute, and to withhold payment of the balance pending determination of the amount and legality of the taxes assessed, was an order of injunction within the meaning of 28 U.S. C.A. § 41, and a fortiori we decline to hold

that the order was in any of its terms violative of that section. The provision relied on by appellants is as follows:

"Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the enforcement, operation, or execution of any order of an administrative board or commission of a State, or any rate-making body of any political subdivision thereof, or to enjoin, suspend, or restrain any action in compliance with any such order, where jurisdiction is based solely upon the ground of diversity of citizenship, or the repugnance of such order to the Constitution of the United States, where such order (1) affects rates chargeable by a public utility, (2) does not interfere with interstate commerce, and (3) has been made after reasonable notice and hearing, and where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State. Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State. As amended May 14, 1934, c. 283, § 1, 48 Stat. 775; Aug. 21, 1937, c. 726, § 1, 50 Stat. 738; April 20, 1940, c. 117, 54 Stat. 143."

■ We think it very plainly appears on the face of the provision that it has no relation to the administration of estates under the bankruptcy act. There is no express repeal of section 64, sub. a of the bankruptcy act and we find no indication of any intent to effect such repeal by implication. Whether or not there are state laws under which the trustee in bankruptcy might obtain a determination by the state courts of the amount or validity of the disputed state taxes allowable as liens and as part of the cost and expense of administration in bankruptcy is immaterial. The power to make the determination has been expressly conferred upon the bankruptcy court by special provision which is an integral part of the plan of bankruptcy administration of the property brought within its exclusive jurisdiction. A withdrawal of the power so expressly conferred may not be inferred from the general provisions of 28 U.S.C.A. § 41,

which were obviously intended to apply to and prevent injunction suits to enjoin taxes such as had commonly been maintained in the district courts in the exercise of their general equity jurisdiction:

 (4) Much of the brief of appellants is in support of attack in the nature of demurrer to the petition of the trustee on the ground that the petition does not state facts sufficient to justify judicial relief against the tax assessment complained of. Examination of the petition discloses charges made by the trustee that the action of the Arkansas Corporation Commission in increasing the assessment of the trustee's property was illegal, unconstitutional and invalid because (1) disproportionate consideration was given to certain elements of value; (2) consideration was given to an irrelevant element; (3) proper elements were not considered; (4) that the assessment was wrongfully discriminatory against the trustee and in favor of other property in Arkansas in violation of Section 5 of Article XVI of the Constitution of Arkansas, and that there was discrimination amounting to constructive fraud depriving the trustee of his property without due process and in denial of the equal protection clause, contrary to the federal constitution. Amend. 14. We can not say that the petition is so entirely lacking in averment of facts that it does not raise a question as to the amount and legality of the taxes within the meaning of Section 64, sub. a, or that this court would be justified in reversing the interlocutory order refusing to dismiss it. By its recent decision in Nashville, C. & St. L. Ry. v. Browning, 310 U. S. 362, 60 S.Ct. 968, 84 L.Ed. 1002, the Supreme Court has clarified the law applicable to the trustee's claims under the due process and equal protection clauses of the federal constitution, and whether any invalidity has resulted as charged, from violation of the constitution or statutes of the state, must be determined in strict conformity to the state decisions. The bankruptcy court is in position to require the parties to proceed promptly to final hearing of whatever issues are presented and to determine the amount and legality of the taxes, and we hold that it is fully empowered and required to do so.

The interlocutory order appealed from is affirmed.