**In the Matter of George Turner COGER, Bankrupt.**

**No. 68–BK–25–R.**

United States District Court, W. D. Virginia, Roanoke Division.

Nov. 30, 1970.

John D. Epperly, Martinsville, Va., for First National Bank of Martinsville and Henry County.

Clyde H. Perdue, B. A. Davis, III, Rocky Mount, Va., for L. Elliott Perdue.

Edwin B. Meade, Danville, Va., for Howard J. Beck, Jr.

OPINION

WIDENER, District Judge.

This case comes here on bill of review from an order of the Referee in Bankruptcy entered October 9, 1970, tempo-

rarily restraining the First National Bank of Martinsville and Henry County from prosecuting an action at law in the Circuit Court of Franklin County against L. Elliott Perdue, and requiring said bank to assert all rights against L. Elliott Perdue in this proceeding.

The order further sets a date for hearing on the merits of the dispute, orders the bank to show cause why the temporary restraining order should not be made permanent, and non-suit the action in the state court.

The statement of facts of the Referee, which are not disputed, are here copied:

"The facts fully appear from the pleadings and record in this bankruptcy proceeding. In résumé, they are: This bankruptcy proceeding was filed January 15, 1968. The Trustee of the bankrupt sold at public auction a certain residential property and by report filed May 7, 1969 stated the sale was to "Lawson Lester and L. Elliott Perdue" for $6,400.00. The sale was confirmed and thereafter the Trustee made his deed to the joint purchasers as reported and collected the full sales proceeds. Assets in the estate were disbursed pursuant to final order of distribution and order for payment of dividends entered July 14, 1969, which included the allowance of Claim No. 14 filed by Lester Industries, Inc., Broaddus, Epperly, Broaddus & Williams, attorneys, claim $7,573.-44, dividend $3,888.50, and it was noted "($1,491.62 payable to Allen E. Turner and Turner Ready Mix Corp. under garnishment and balance of $2,396.88 to Lester Industries, Inc.)." The Trustee's report of disbursements was filed July 19, 1969 and also included a priority payment to Lester Industries, Inc. for job completion—payable to Allen E. Turner and Turner Ready Mix Corp. $2,900.00. The case was closed July 18, 1969.

"Since the closing of this proceeding, Lawson L. Lester, Jr. was adjudicated October 29, 1969 to be a bankrupt upon involuntary petition against him. July 23, 1969, there was docketed in the Clerk's Office of the Circuit Court of Franklin County, Virginia an abstract of judgment that day recovered by National Homes Corporation, plaintiff against Lester Industries, Inc. and Lawson L. Lester, Jr., defendants, for compensatory damages in the amount of $285,000.00 with interest and costs and punitive damages against Lawson L. Lester, Jr. in the amount of $25,000.00.

"There is also recorded in the Clerk's Office of the Circuit Court of Franklin County, Virginia a deed dated September 25, 1969 made by Lawson L. Lester, Jr. and Beatrice D. Lester, his wife, to Elliott Perdue which conveyed an undivided one-half interest in the subject real estate.

"October 7, 1969, L. Elliott Perdue, grantee under the said deed, made a check at the direction of Lawson L. Lester, Jr., payable to Virginia-Carolina Builders, Inc. for $3,500.00 and placed it in the mail addressed to Lawson L. Lester, Jr. at Martinsville, Virginia. L. Elliott Perdue was promptly advised by his attorney of the lien of the said judgment against the property conveyed by the deed of Lawson L. Lester, Jr. and wife. Thereupon L. Elliott Perdue stopped payment of his check.

"October 29, 1969, Lawson L. Lester, Jr. was adjudicated to be a bankrupt upon involuntary petition against him. This adjudication followed an involuntary receivership instituted against Lawson L. Lester, Jr. and which had been in progress in the Circuit Court of Henry County, Virginia since about the first of September, 1969.

"December 8, 1969, the First National Bank of Martinsville and Henry County filed its petition to reopen this closed proceeding and to correct the alleged error of the Trustee of the bankrupt in making his deed conveying the subject real estate to Lawson L. Lester, Jr. in error when in fact the conveyance should have been to Virginia-Carolina Builders, Inc. The Trustee of Lawson L. Lester, Jr., bankrupt, has answered the petition and made claim to the subject property.

"June 9, 1970, order was entered, after notice of interested parties, and the undivided interest in the subject real estate was liquidated by collection from L. Elliott Perdue the $3,500.00 consideration for the deed received from the joint owner. and which was represented by his said check, payment of which was stopped. The fund of $3,500.00 was placed upon interest bearing escrow account subject to further order of court upon determination of the party entitled thereto.

"September 22, 1970, L. Elliott Perdue filed his petition for injunction restraining the First National Bank of Martinsville and Henry County from further proceeding with the action instituted by it against him in the Circuit Court of Franklin County, Virginia for the amount of his aforesaid check, $3,500.00. September 28, 1970, the First National Bank of Martinsville and Henry County answered."

An additional fact is that the action referred to above under date of September 22, 1970, is that the First National Bank of Martinsville and Henry County apparently just prior to September 21, 1970, instituted suit against L. Elliott Perdue in the Circuit Court of Franklin County on account of the $3,500.00 check, the funds for payment of which had previously been deposited in the Bankruptcy Court as a result of the Bank's petition and the opening up of this bankruptcy proceeding at the instance of the Bank.

It is apparent from the record that all of the parties required to give the Bank the relief it seeks in the state court are parties to the bankruptcy proceeding; that Perdue may be subjected to triple liability; and the orderly administration of the bankruptcy court will be interfered with if the Bank is allowed to proceed in the state court.

In the opinion of the court, the restraining order issued by the Referee was expressly authorized by § 2a(15) of the Bankruptcy Act, 11 U.S.C., § 11(a) (15), and, in addition, was necessary in aid of its jurisdiction, 28 U.S.C., § 2283, 1 Collier on Bankruptcy, pp. 325, 326.

"Like any court of equity, once the Bankruptcy Court acquires custody of property, it may protect that custody in a summary manner by injunction." 1 Collier on Bankruptcy, p. 324.

The thought is well expressed in In re California Pea Products, Inc., 37 F. Supp. 658, 662 (S.D.Cal.1941), as follows:

"And in arriving at the extent of power that is conferred upon the referee by Section 2, sub. a(15), the concluding clause of the subsection is a clear investiture in the referee under a general reference to issue all injunctions in the course of the bankruptcy proceeding necessary to prevent the defeat or impairment of his jurisdiction except that only a judge can enjoin a court. It would have been a simple matter for Congress to have made the prohibition against the referee's power to issue injunctions general if such had been the legislative intent. As no such intent appears but, on the contrary, only a single specific prohibition being shown, the referee is in all other instances vested with plenary judicial power to issue stay orders when acting under a general reference."

Collier notes: "In the decided cases on the point to date the courts have been unanimously in accord with this interpretation." 1 Collier on Bankruptcy, p. 365.

This court is in agreement.

The case will be remanded to the Referee to proceed in accordance with the order appealed from as here amended.

The narrow point decided here is whether or not the Referee had authority to issue a temporary stay, which included a show cause order as to why the injunction ought not to be made permanent.

The Bank has been given opportunity to file a memorandum of authorities but has not responded. Should there be any reason why complete relief cannot be

given to all parties in the bankruptcy court, appropriate objection should be made to the Referee. The court notes that the order of June 9, 1970, paying the money involved into the bankruptcy court was objected to by the Bank, but the Bank did not seek review of the order, thus acquiescing in its terms which include: " * * * [the $3,500.00 to be] paid over to the party determined by the final order of this court to be entitled thereto * * * ".

That part of the order of the Referee requiring a non-suit by the Bank will be vacated, but it may be reinstated upon a determination of the case on the merits. The temporary restraining order should be extended until a decision on the merits and the decision whether or not to make the injunction permanent should be decided at the same time as the merits of the claim.

The court specifically does not decide the merits of the claim here, including the question as to whether or not L. Elliott Perdue should be subjected to double liability on account of the $3,500.00 check.