In re James ELLETT, Debtor.

James Ellett, Plaintiff,

v.

Gerald Goldberg, Executive Director of the Franchise Tax Board, Defendant.

Bankruptcy No. 94–25454–A–13.
Adversary No. 97–2820.

United States Bankruptcy Court,
E.D. California,
Sacramento Division.

March 13, 2003.

Kristian D. Whitten, Deputy Attorney General, San Francisco, CA, Lawrence K. Keethe, Deputy Attorney General, Sacramento, CA, for defendant Gerald Goldberg.

Robert N. Kolb, Esq., Antioch, CA, for plaintiff James Ellett.

## MEMORANDUM DECISION

MICHAEL S. MCMANUS, Chief Judge.

Defendant Gerald Goldberg, the executive director of the Franchise Tax Board ("FTB"), moves for an order dismissing this adversary proceeding pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) as incorporated by Fed. R. Bankr.P. 7012, on the ground that the U.S. Supreme Court's recent opinion in *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002), undermines the Ninth Circuit's determination that plaintiff James Ellett's chapter 13 discharge binds the FTB even though the FTB did not file a proof of claim or otherwise voluntarily appear in Mr. Ellett's bankruptcy case. *See Goldberg v. Ellett (In re Ellett)*, 254 F.3d 1135, 1139 (9th Cir.2001), *cert. denied*, 534 U.S. 1127, 122 S.Ct. 1064, 151 L.Ed.2d 968 (2002). *See also In re Collins*, 173 F.3d 924, 938–31 (4th Cir.1999); *Texas v. Walker*, 142 F.3d 813, 821–23 (5th Cir.1998); *New York v. Irving Trust Co.*, 288 U.S. 329, 333, 53 S.Ct. 389, 77 L.Ed. 815 (1933); *Hoffman v. Conn. Dep't. of Income Maint.*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989).

Mr. Goldberg asserts that the FTB's sovereign immunity, as guaranteed by the Eleventh Amendment of the U.S. Constitution, prevents the discharge of the tax debt owed by Mr. Ellett to the FTB. If this tax debt was not discharged by Mr. Ellett's chapter 13 discharge, then the statutory discharge injunction of 11 U.S.C. § 524(a) does not apply and Mr. Goldberg cannot be prospectively enjoined pursuant to *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), from collecting the taxes on behalf of the FTB.

In other words, this court is being asked to declare, in the face of a contrary decision from the Ninth Circuit in this case, that the Bankruptcy Code's provision for the discharge of a debt owed to a state is unconstitutional because it is accomplished by the exercise of judicial power against a state that does not consent to exercise of that power.

I

James Ellett filed a chapter 13 bankruptcy on July 11, 1994. Mr. Ellett owed the FTB approximately $18,000 for California personal income taxes for the years 1980 through 1990. These taxes were scheduled as unsecured obligations. The FTB did not file a proof of claim.

After Mr. Ellett completed his chapter 13 plan the court granted his discharge pursuant to 11 U.S.C. § 1328. Despite the entry of that discharge, Gerald Goldberg, as executive director of the FTB, caused the FTB to issue a demand on Mr. Ellett for payment of California personal income taxes for the calendar years 1981, 1983, 1984, 1985 and 1990.

Mr. Ellett responded by filing this adversary proceeding. He asks that Mr.

Goldberg be enjoined from collecting these taxes on the ground that his liability for them has been discharged in bankruptcy.

Mr. Goldberg immediately moved to dismiss the adversary proceeding. The court denied his motion, prompting an appeal to the Bankruptcy Appellate Panel. *See Ellett v. Goldberg (In re Ellett)*, 229 B.R. 202 (Bankr.E.D.Cal.1999).

The Bankruptcy Appellate Panel affirmed the denial of the motion to dismiss the adversary proceeding. *See Goldberg v. Ellett (In re Ellett)*, 243 B.R. 741 (9th Cir. BAP 1999). A further appeal to the Ninth Circuit was also rejected. *Goldberg v. Ellett (In re Ellett)*, 254 F.3d 1135, 1139 (9th Cir.2001). The Supreme Court denied defendant's petition for certiorari.

Upon returning to this court, Mr. Goldberg filed an answer which contains the following affirmative defense:

> As its [sic] first affirmative defense, Goldberg alleges that the United States Supreme Court has granted certiorari in the case of *South Carolina State Ports Authority v. Federal Maritime Commission*, 243 F.3d 165 (4th Cir.2001[)], *cert. granted* [534 U.S. 971,] 122 S.Ct. [392, 151 L.Ed.2d] 297 (2001). In that case the Court of Appeals held that administrative proceedings conducted before federal tribunals pursuant to Article I of the U.S. Constitution, while not "suits," are, as they relate to States, nevertheless barred by the doctrine of State sovereign immunity from suit in federal court. In the event the Supreme Court decides that case in such a way as to call into question the Ninth Circuit's opinion in this case … Goldberg reserves his right to reassert that this Court lacks jurisdiction to bind the Franchise Tax Board to Debtor's discharge.

As this affirmative defense hinted he might, following the Supreme Court's decision in *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002), Mr. Goldberg again moved to dismiss the adversary proceeding. His motion was argued and submitted for decision. However, on November 22, 2002, the court gave notice pursuant to 28 U.S.C. § 2403(a) to the Attorney General of the United States because Mr. Goldberg is asserting that an Act of Congress affecting the public interest is unconstitutional. Consistent with this notice, the motion was restored to calendar in order to allow the United States time to intervene and to present evidence and argument.

The United States did not intervene. The court now rules.

## II

■ The Ninth Circuit has held that "[w]hen an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point, a three judge panel of this court may reexamine our precedent to determine its continuing authority." *United States v. Lancellotti*, 761 F.2d 1363, 1366 (9th Cir.1985).

■ The Bankruptcy Appellate Panel has held that "we will not overrule our prior rulings unless a Ninth Circuit Court of Appeals decision, Supreme Court's decision or subsequent legislation has undermined those rulings." *Ball v. Payco–General American Credits, Inc. (In re Ball)*, 185 B.R. 595, 597 (9th Cir. BAP 1995).

■ Federal trial courts must similarly proceed very cautiously when asked to ignore circuit authority. The district court in *Rodriguez v. Bowen*, 678 F.Supp. 1456, 1462 (E.D.Cal.1988), for instance, warned that "a district court should be extremely

careful in concluding that circuit precedent is no longer good law."

Mr. Goldberg urges this court to disregard the ruling of the Ninth Circuit in this case and follow what he perceives to be a contradictory ruling by the Supreme Court in *Federal Maritime Commission.* Mr. Ellett, on the other hand, does not view the Supreme Court's decision as overruling the Ninth Circuit's decision in *Goldberg v. Ellett.* He urges this court to abide by the "law of the case" doctrine and not relitigate an issue of law already decided in this case by the appellate courts. *United States ex rel. Lujan v. Hughes Aircraft Co.,* 243 F.3d 1181, 1186 (9th Cir.2001).

■ The law of the case doctrine, however, has three exceptions. A prior decision of a legal issue will be followed unless: (1) "the evidence on a subsequent trial was substantially different," (2) "controlling authority has since made a contrary decision of the law applicable to such issues," or (3) "the decision was clearly erroneous and would work a manifest injustice." *Kimball v. Callahan,* 590 F.2d 768, 771–72 (9th Cir.1979) (citing *White v. Murtha,* 377 F.2d 428, 431–32 (5th Cir.1967)).

Mr. Goldberg argues that the second exception requires this court to revisit the Ninth Circuit's decision. He maintains that the Supreme Court's decision in *Federal Maritime Commission* undermines the Ninth Circuit's conclusion that the mere issuance of a discharge order does not impermissibly subject the state to a suit in violation of the Eleventh Amendment.

## III

This court will not disregard the Ninth Circuit's ruling in *Goldberg v. Ellett* because *Federal Maritime Commission* does not clearly undermine it.

The Ninth Circuit concluded that Mr. Ellett's bankruptcy discharge is binding on the FTB even though it did not file a proof of claim or otherwise participate in Mr. Ellett's chapter 13 case. *Goldberg v. Ellett,* 254 F.3d at 1139–41. However, following *In re Mitchell,* 209 F.3d 1111 (9th Cir.2000), the Ninth Circuit also concluded that the discharge could not be enforced directly against the FTB or the State of California. Instead, Mr. Ellett was limited to enforcing the discharge against Mr. Goldberg, the state tax official seeking to collect the allegedly discharged taxes on behalf of the FTB. Mr. Ellett may seek prospective injunctive and declaratory relief under the *Ex Parte Young* doctrine against Mr. Goldberg.

In *Federal Maritime Commission* the Supreme Court held that a state's sovereign immunity precluded the Federal Maritime Commission from adjudicating a private party's complaint that a state-run port had violated the Shipping Act of 1984. In reaching this conclusion, the Supreme Court found that the similarities between administrative proceedings before the commission and civil litigation were overwhelming.

For instance, a commission proceeding is adversary in nature, parties are permitted to conduct discovery, and oral and documentary evidence is presented at a hearing presided over by an administrative law judge cloaked with judicial immunity. The Supreme Court noted that a proceeding before the commission "walks, talks and squawks very much like a lawsuit." 122 S.Ct. at 1873.

■ The "preeminent purpose of state sovereign immunity is to accord States the dignity that is consistent with their status as sovereign entities." *Id.* at 1874. This purpose led the Supreme Court to hold that

state sovereign immunity bars the FMC from adjudicating complaints filed by a private party against a nonconsenting State. Simply put, if the Framers thought it an impermissible affront to a State's dignity to be required to answer the complaints of private parties in federal courts, we cannot imagine that they would have found it acceptable to compel the state to do exactly the same thing before the administrative tribunal of an agency, such as the FMC.

*Id.* at 1873.

*Federal Maritime Commission* does not call into question the continued viability of the Ninth Circuit's decision in *Goldberg v. Ellett,* nor the decisions of the Fourth and Fifth Circuits in *Texas v. Walker* or *In re Collins.*

The key distinction between these cases and *Federal Maritime Commission* is that a bankruptcy debtor does not bring a suit against the state in order to obtain a discharge. To discharge a debt, the debtor merely identifies the creditor owed the debt in the bankruptcy schedules. Once notified of the filing of the petition, the creditor decides whether to file a proof of claim and participate in the bankruptcy case.

At the conclusion of a chapter 13 bankruptcy case, including Mr. Ellett's, the court issues a discharge order. That order declares that "the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. § 502." *See* Order Discharging Debtor entered on April 19, 1997, Case No. 94–25454. Prior to entry of the discharge order, the court embarks on no inquiry as to which creditors are compelled to appear. Nor does the court make any determination that a particular debt is included within or excluded from the scope of the discharge. In effect, the court decrees, somewhat tautologically, that dischargeable debts have been discharged.

 Because the discharge order does not determine whether a particular debt has been discharged, with exceptions not relevant in the chapter 13 context, a creditor, as well as the debtor, is free to contest in bankruptcy or nonbankruptcy court the applicability and scope of the bankruptcy discharge to its claim. 28 U.S.C. § 1334(b).[1] *Cf. Fidelity National Title Insurance Co. v. Franklin (In re Franklin),* 179 B.R. 913 (Bankr.E.D.Cal.1995).

 For instance, after a chapter 13 case has been concluded a former spouse can assert in state court that a debt owed to him or her is a support obligation and therefore was excepted from a chapter 13 discharge. *See* 11 U.S.C. §§ 523(a)(5) and 1328(a)(1). The same post-discharge determination can be made with reference to student loans, restitution obligations, and debts for death or personal injury caused by the debtor's operation of a motor vehicle while intoxicated. *See* 11 U.S.C. §§ 523(a)(8) & (a)(9) and 1328(a)(2) & (a)(3).

 This case does not involve a category of debt excepted by section 1328(a)(1)-(3) from the chapter 13 discharge. Rather, there is a dispute as to whether the FTB was given notice of the case in time to file a proof of claim.[2]

1. Section 1334(b) provides: "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original *but not exclusive* jurisdiction of all civil proceedings ... related to cases under title 11." The jurisdiction of the district court is referred to the bankruptcy court by 28 U.S.C. § 157(a) and a general order of the District Court.

2. In the chapter 13 context, the failure to file a timely proof of claim prevents the claim holder from participating in the case. *See In*

▮ The chapter 13 discharge is limited to debts "provided for by the plan." 11 U.S.C. § 1328(a).[3] In order to provide for a debt, the chapter 13 plan must make provision for the claim and the holder of the claim must receive notice of the filing of the bankruptcy petition in time to participate by filing a timely proof of claim. *See* Fed. R. Bankr.P. 3002.

▮ In other words, if a debtor fails to tell a creditor about the bankruptcy case and thereby deprives the creditor of the opportunity to file a proof of claim, the debtor will not discharge that claim even if the plan makes provision for its payment. *See e.g., Southtrust Bank of Ala. v. Gamble (In re Gamble)*, 85 B.R. 150, 152 (Bankr.N.D.Ala.1988); *In re Cash*, 51 B.R. 927, 929 (Bankr.N.D.Ala.1985); *Leber v. Illinois Dep't of Revenue (In re Leber)*, 134 B.R. 911 (Bankr.N.D.Ill.1991).

▮ Conceivably, then, the FTB could commence an action in a nonbankruptcy tribunal to collect its claim. In any such action, Mr. Ellett could assert his bankruptcy discharge as a defense. If raised as a defense, the tribunal could then determine whether the FTB had been given sufficient notice of the petition in time to file a proof of claim. *Cf. In re Franklin*, 179 B.R. at 924. If the FTB was not given sufficient notice, the tribunal could conclude that the debt had not been discharged.[4]

Such post-discharge litigation is possible because, just as the discharge order did not determine whether a particular debt was a support obligation, a student loan, a restitution obligation, or a liability for death or personal injury caused while operating a vehicle while intoxicated, it did not determine that the FTB's claim for taxes was provided for in the plan.

▮ In issuing Mr. Ellett's chapter 13 discharge, then, this court did not subject FTB to a suit in federal court in violation of the Eleventh Amendment. In the words of the Fifth Circuit, the FTB was not "hauled into federal court against its will." *Texas v. Walker*, 142 F.3d at 822. Rather, this court gave Mr. Ellett a potential defense to any attempt by the FTB to collect a pre-petition claim after the entry of a discharge.

At the argument of the motion to dismiss, the Attorney General acknowledged that the Constitution vests the federal government with the power to enact uniform bankruptcy laws. *U.S. Const., art. I, § 8, cl.17*. He further asserted that if Congress had authorized the Postmaster General to issue a bankruptcy discharge, there would be no Eleventh Amendment issue because the discharge would not be issued in the context of a judicial proceeding.

This seems to be a tacit, if not express, acknowledgment that it is within the constitutional grasp of Congress to provide for

*re Osborne*, 76 F.3d 306 (9th Cir.1996); *In re Edelman*, 237 B.R. 146, 153 (9th Cir. BAP 1999); *Ledlin v. United States (In re Tomlan)*, 907 F.2d 114 (9th Cir.1990); *Zidell, Inc. v. Forsch (In re Coastal Alaska)*, 920 F.2d 1428, 1432–33 (9th Cir.1990).

**3.** Section 1328(a) provides: "As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the

debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title...."

**4.** Had Mr. Ellett commenced an action in this court against the FTB in order to determine whether its claim had been discharged, in the absence of a waiver of the state's sovereign immunity, the Eleventh Amendment would have precluded this court from entertaining the suit. *See In re Mitchell*, 209 F.3d 1111 (9th Cir.2000).

a bankruptcy discharge of debts owed to states. What is giving the Attorney General heartburn is the issuance of the discharge by a federal court.

However, as noted above, the FTB was not compelled to participate in a judicial proceeding and the end product of it, the discharge, was not a judgment against the FTB. Rather, the discharge invested the debtor with a defense to any action the FTB (or any other creditor) might bring against him. "An assertion of the discharge defense is not equivalent to seeking affirmative relief." *Texas v. Walker*, 142 F.3d at 820.

Nor does *Federal Maritime Commission* call into question the holding in *In re Collins*, relied on by the Ninth Circuit in *Goldberg v. Ellett*, that the ability to grant a discharge of debt which is valid against a state is crucial to the integrity of the bankruptcy system.

> "The power of bankruptcy courts to discharge debt is fundamental to our bankruptcy system. If a state could assert Eleventh Amendment immunity to avoid the effect of a discharge order, the bankruptcy system would be seriously undermined ... This purpose can be fulfilled today only if the bankruptcy courts retain the power to discharge debts, including debts owed to states, consistent with federal supremacy power with respect to bankruptcy."

*In re Collins*, 173 F.3d 924, 930 (4th Cir. 1999). *Cf. Hood v. Tennessee Student Assistance Corp.*, 319 F.3d 755 (6th Cir.2003) (In holding that 11 U.S.C. § 106(a) is constitutional, the court held: "This conclusion in no way undermines the dignity of the state as a separate sovereign. This is not an instance in which Congress has enabled private parties to 'haul' states into court against their will ... Unlike a traditional lawsuit, in which the state is forced to defend itself against an accusation of wrongdoing, the bankruptcy process is, shortly speaking, an adjudication of interests claimed in a *res*.' If the state wishes to assert it interest in the *res*, it may do so." [Internal citations omitted.])

### IV

The motion to dismiss this adversary proceeding will be denied. The Ninth Circuit previously determined in this case that Mr. Ellett's bankruptcy discharge order was binding on the FTB and that its issuance did not impinge upon the State of California's sovereign immunity. For the reasons explained above, the court concludes that this determination is unaffected by the intervening Supreme Court decision in *Federal Maritime Commission*. Therefore, Mr. Ellett may continue with his effort pursuant to *Ex Parte Young* to prospectively enjoin Mr. Goldberg from collecting any taxes that may have been discharged in the chapter 13 case.

A separate order will be issued.