**In re NANA'S PETROLEUM, INC., Debtor.**

**Nana's Petroleum, Inc., Plaintiff,**

**v.**

**John K. Clark, CFC, Palm Beach County Tax Collector and Gary R. Nickolits, Palm Beach County Property Appraiser, Defendant.**

**Bankruptcy No. 97–32214–BKC–PGH. Adversary No. 98–3234–BKC–PGH–A.**

United States Bankruptcy Court, S.D. Florida, Fort Lauderdale Division.

May 3, 1999.

---

2. The Debtor has indicated a willingness to reaffirm the debt owed to his daughters' school, C.S. Christian School.

Leslie Gern Cloyd, West Palm Beach, FL, for debtor.

Robert C. Furr, Boca Raton, FL, trustee.

### ORDER DENYING PALM BEACH COUNTY TAX COLLECTOR'S MOTION TO ABSTAIN AND DISMISS AND JOINDER IN FLORIDA DEPARTMENT OF REVENUE'S MOTION TO DISMISS

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS MATTER** came before the Court on November 9, 1998, upon a Motion to Abstain and Dismiss filed by John K. Clark, Palm Beach County Tax Collector ("Tax Collector"). Subsequently, the Florida Department of Revenue's ("DOR") filed a Motion to Dismiss and Joinder in Motion of Tax Collector, Nana's Petroleum's ("Plaintiff") filed an Objection, Response and Memorandum of Law to DOR's Motion to Dismiss and Joinder in Motion of Tax Collector, Tax Collector filed a Joinder in DOR's Motion to Dismiss and Memorandum of Law in Support of Tax Collector's and DOR's Respective Motions to Dismiss, Plaintiff filed a Supplemental Memorandum of Law in Response to

DOR's Motion to Dismiss, Gary R. Nikol-its's, Palm Beach County Property Appraiser ("Property Appraiser"), filed a Memorandum of Law in Support of DOR's Motion to Dismiss, Plaintiff filed a Response to Property Appraiser's Memorandum of Law in Support of DOR's Motion to Dismiss, and Tax Collector filed a Reply Memorandum. The Court has considered the foregoing motions, memoranda of law, and responses, arguments of counsel at hearing, and all relevant and applicable authority. For the reasons set forth below, the Court, being fully advised in the premises, denies Tax Collector's Motion to Abstain and Dismiss and Joinder in DOR's Motion to Dismiss.[1]

## I. THE PROCEDURAL HISTORY

On May 6, 1997, Plaintiff filed for bankruptcy under Chapter 11 of the Bankruptcy Code. By the September 9, 1997 deadline, Tax Collector filed a Proof of Claim for certain unpaid real and tangible personal property taxes in Palm Beach County, Florida. Plaintiff filed on April 20, 1998 an Objection to Tax Collector's Claim. On May 27, 1998, Plaintiff filed a Motion for Determination of Amount of Unpaid Real and Tangible Personal Property Taxes in Palm Beach County, Florida. The Court entered an Order on July 6, 1998 requiring Plaintiff to file an Adversary Proceeding that would include a count incorporating Plaintiff's Objection to Tax Collector's Claim, and name as defendants Tax Collector, Property Appraiser and "all taxing authorities who have not been paid who levied taxes against the property." On October 13, 1998, Plaintiff filed a Complaint against Tax Collector, Property Appraiser, and DOR, instituting the instant Adversary Proceeding. In the Complaint, Plaintiff seeks to determine the validity, extent, and priority of certain tax liens on Plaintiff's property held by several local ad valorem taxing authorities. These liens are for unpaid taxes due from 1990 through and including 1997.

On November 9, 1998, Tax Collector filed a Motion to Abstain and Dismiss, and on January 25, 1999, DOR filed a Motion to Dismiss and Joinder in Motion of Tax Collector. On March 22, 1999, Plaintiff filed an Objection, Response and Memorandum of Law to DOR's Motion to Dismiss and Joinder in Motion of Tax Collector. A Hearing on Tax Collector's and DOR's Motions to Dismiss was held on March 24, 1999. The Court instructed the parties to submit additional briefs on certain dispositive issues. Subsequently, on April 2, 1999, Tax Collector filed a Joinder in DOR's Motion to Dismiss and Memorandum of Law in Support of Tax Collector's and DOR's Respective Motions to Dismiss. Also on April 2, 1999, Plaintiff filed a Supplemental Memorandum of Law in Response to DOR's Motion to Dismiss., Property Appraiser then filed, on April 6, 1999, a Memorandum of Law in Support of DOR's Motion to Dismiss. On April 8, 1999, Plaintiff filed a Response to Property Appraiser's Memorandum of Law in Support of DOR's Motion to Dismiss. Finally, on April 12, 1999, Tax Collector filed a Reply Memorandum.

## II. THE ARGUMENTS

In Tax Collector's Motion to Abstain and Dismiss, Tax Collector argues that the Complaint should be dismissed because Plaintiff failed to join certain taxing authorities who are indispensable parties under Rule 19. Tax Collector further argues that this Court lacks subject matter jurisdiction over Tax Collector, Property Appraiser, and DOR for purposes of determining property taxes already determined by local taxing authorities. Tax Collector also argues that the Complaint failed to

---

1. On March 23, 1999, Plaintiff filed a Motion For Voluntary Dismissal of Department of Revenue as Party Defendant. A Hearing was held on April 9, 1999 at which the Court granted the Motion. As a result, this Order only addresses Tax Collector's Motion to Abstain and Dismiss and Joinder in DOR's Motion to Dismiss and not DOR's Motion to Dismiss and Joinder in Motion of Tax Collector.

state a claim against the three named defendants for which relief can be granted. Finally, Tax Collector asserts that the Complaint should be dismissed for insufficiency of service of process pursuant to Federal Rule of Bankruptcy Procedure 7004 and Federal Rule of Civil Procedure 4(j).

In DOR's Motion to Dismiss and Joinder in Motion of Tax Collector, DOR asserts that the Adversary Proceeding should be dismissed because the State of Florida has sovereign immunity from such a suit, and so the three original Defendants (two state officers and a state agency) share the State's sovereign immunity. DOR further argues that Congress lacked authority to waive Eleventh Amendment sovereign immunity when it enacted 11 U.S.C. § 106. Also, DOR adopts Tax Collector's Motion to Abstain and Dismiss, except that DOR admits to having been properly served. With respect to the Motion to Abstain, DOR argues that in the spirit of comity this Court should abstain from deciding issues, such as tax assessments, which are governed by state law. Furthermore, DOR asserts that by failing to comply with § 194.171, Florida Statutes, which requires timely challenges to tax assessments, Plaintiff cannot challenge those assessments now because "all Florida State Courts lacks (sic) jurisdiction to here (sic) such a challenge now." DOR claims that because Plaintiff failed to contest the tax assessments, Plaintiff cannot contest them in any state or federal court, including bankruptcy court.

In Plaintiff's response to DOR's Motion to Dismiss and Joinder in Motion of Tax Collector, Plaintiff argues that the case law that DOR relies on does not address the issue of whether Congress had authority to enact 11 U.S.C. §§ 106 and 505. Plaintiff asserts that, in fact, Congress did have authority to do so and therefore both provisions are constitutional. Plaintiff explains that pursuant to § 106, a "governmental unit" waives sovereign immunity and thereby consents to being sued when it files a proof of claim. With respect to DOR's Joinder in Tax Collector's Motion to Abstain, Plaintiff contends that the tax issues must be resolved in bankruptcy court because, as DOR suggests, Plaintiff forfeited its right to challenge the tax assessments each year and so "all Florida State Courts lack jurisdiction" to resolve those issues. Plaintiff asserts that DOR failed to support its abstention argument by suggesting that the issues cannot be resolved in any Florida state court. Furthermore, Plaintiff notes that DOR does not identify a court wherein the tax assessment issues can be resolved and does not dispute Plaintiff's contention that the Adversary Proceeding is a core proceeding. Finally, Plaintiff explains that this Court's determination of the validity, extent, and priority of the tax liens is critical to Plaintiff's reorganization.

In Tax Collector's Joinder in DOR's Motion to Dismiss and Memorandum of Law in Support thereof, Tax Collector first argues that 11 U.S.C. § 106 is unconstitutional on its face because Congress lacked the authority to abrogate the Eleventh Amendment to the United States Constitution. Second, Tax Collector argues that the State of Florida is not charged with knowledge of § 106(b) and so does not voluntarily waive sovereign immunity by filing a proof of claim. Third, Tax Collector claims that § 106(b) is an impermissible constructive consent to waiver of sovereign immunity. Fourth, Tax Collector asserts that an adversary proceeding seeking a determination of taxes based on a value dispute with Property Appraiser is not a compulsory counterclaim to a proof of claim filed by Tax Collector. Finally, Tax Collector argues that because Property Appraiser has not filed a proof of claim, Property Appraiser has not waived sovereign immunity. Tax Collector concludes that the Adversary Proceeding must be dismissed on three alternative grounds: (1) Property Appraiser is a necessary party who was not properly named as a Defendant and Tax Collector has sovereign

immunity; (2) Plaintiff failed to state a cause of action against Tax Collector who made no determination of value and levied no tax; or (3) Plaintiff failed to name indispensable parties.

In Plaintiff's Supplemental Memorandum of Law in Response to DOR's Motion to Dismiss, Plaintiff argues that after considering § 768.28(17), Florida Statutes, and Article X, Section 13 of the Florida Constitution, 11 U.S.C. § 106(b) is constitutional because objecting to a creditor's claim is not a suit against the State that would implicate the doctrine of sovereign immunity; no judgment is sought against the State. Even if the Adversary Proceeding is considered a suit against the State, Plaintiff argues the State, being charged with knowledge of § 106, waives sovereign immunity by filing a proof of claim. Plaintiff notes that Article X, Section 13 states that "provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereinafter originating." In light of this provision, Plaintiff submits that the Bankruptcy Code is a general law which the State is charged with knowledge of. Because § 106 very clearly states that a governmental unit that files a proof of claim waives sovereign immunity, Plaintiff argues that the State of Florida and its officers or agencies voluntarily waive sovereign immunity, consent to being sued, and submit themselves to the jurisdiction of the bankruptcy court by filing proofs of claims. With respect to § 106, Plaintiff concludes that the waiver of sovereign immunity as a consequence of filing a proof of claim is constitutional according to the United States Supreme Court and various Circuit Courts of Appeals and Bankruptcy Courts.

In response to Tax Collector's argument regarding Property Appraiser, Plaintiff argues that Property Appraiser is an indispensable party pursuant to § 194.181(2), Florida Statutes because the Adversary Proceeding to determine the validity, extent, and priority of certain tax liens in-

volves property valuation and/or tax assessment issues that Property Appraiser has a stake in. Tax Collector suggests that because Property Appraiser did not file a proof of claim, he did not waive sovereign immunity and so should not have been named as a Defendant. Plaintiff responds that § 106 does not require that every party involved with a particular claim file a separate proof of claim; the proof of claim filed by Tax Collector, an agent of the State, was sufficient to waive sovereign immunity for the State and every state officer or agency involved with that claim, including Property Appraiser. In Property Appraiser's Memorandum of Law in Support of DOR's Motion to Dismiss, Property Appraiser argues that the Adversary Proceeding must be dismissed because this Court lacks subject matter jurisdiction over Property Appraiser pursuant to the Eleventh Amendment's doctrine of sovereign immunity and § 768.28(17), Florida Statutes. Property Appraiser further argues that "Congress has no authority under the bankruptcy clause to abrogate sovereign immunity in federal courts, including the bankruptcy courts." Finally, Property Appraiser argues that he has not waived sovereign immunity or consented to the instant Adversary Proceeding because he did not file a proof of claim. Property Appraiser asserts that because he is "an independent Constitutional Officer of the State of Florida, separate from the Tax Collector," Tax Collector's filing of a proof of claim does not waive Property Appraiser's sovereign immunity with respect to that same claim.

Tax Collector's Motion to Abstain and Dismiss and DOR's Motion to Dismiss and Joinder in Motion of Tax Collector's (together, hereinafter, referred to as the "Motion to Abstain and Dismiss"), which Tax Collector joined and Property Appraiser filed a Memorandum of Law in support thereof, point out 4 fatal flaws of the Complaint: (1) lack of subject matter jurisdiction; (2) failure to state a claim upon which relief can be granted; (3) fail-

844

ure to join a party under Rule 19; and (4) insufficiency of service of process. Tax Collector subsequently abandoned the fourth alleged fatal flaw of the Complaint. Having carefully considered the foregoing arguments advanced in all of the motions, memoranda of law, and responses, and at hearing, the Court is able to glean the following dispositive issues underlying the three remaining grounds for dismissing the Complaint:

1. Does 11 U.S.C. § 106(b), which states that a governmental unit waives sovereign immunity when it files a proof of claim, violate the Eleventh Amendment in light of Section 768.28(17), Florida Statutes and Article X, Section 13 of the Florida Constitution.

2. Does Tax Collector's filing of a proof of claim waive Property Appraiser's sovereign immunity from a suit involving that same claim, such that Property Appraiser was properly included as a Defendant in the instant Adversary Proceeding.

## IV. THE ANALYSIS

The resolution of these issues will facilitate the Court's determination of whether the Complaint survives the Motion to Abstain and Dismiss or whether the alleged flaws were in fact fatal. Therefore, the Court will first resolve the issues framed above and then consider the grounds advanced by Tax Collector for dismissing the Complaint.

### A. The Dispositive Issues

■ With respect to the first dispositive issue, the Court notes initially that Congress unambiguously stated in 11 U.S.C. § 106(a) that "[n]otwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to," inter alia, 11 U.S.C. § 505. Section 505 states that "the court may determine the amount or legality of any tax, any fine or penalty relative to a tax, or any addition to tax, whether or not

previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Section 106(b) describes how and to what extent a governmental unit waives sovereign immunity:

A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such government unit that is property of the estate and arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

Tax Collector and Property Appraiser contend that this provision of the Bankruptcy Code is unconstitutional and that Congress lacked the authority to abrogate the State's sovereign immunity under the Eleventh Amendment and § 768.28(17), Florida Statutes. The Eleventh Amendment to the United States Constitution states that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." With their ratification of this Amendment, the States procured sovereign immunity from suits in federal court. The State of Florida buttressed that Amendment with Section 768.28(17), which provides:

No provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court. This subsection shall not be construed to mean that the state has at any time previously waived,

by implication, its immunity, or that of any of its agencies, from suit in federal court through any statute in existence prior to June 24, 1984.

Despite this enactment, the State of Florida, in Article X, Section 13 of the Florida Constitution, provides that its sovereign immunity is not absolute: "Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." FLA. CONST., Art. IV, § 19. Given the Eleventh Amendment's doctrine of sovereign immunity, Florida's fortification and limitation thereof, and § 106(b)'s abrogation thereof, this Court must look to federal case law to determine the constitutionality of § 106(b).

▮▮▮ The Court notes that no Bankruptcy Court or District Court in the Southern District of Florida has addressed the specific issue of the constitutionality of § 106(b). The Eleventh Circuit, in *Seminole Tribe of Florida v. State of Florida*, 11 F.3d 1016, 1021 (1994), *aff'd*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), though, has determined that "the states' [sovereign] immunity is not absolute. More specifically, the states are not immune from suit if the circumstances indicate consent [or] abrogation." This Eleventh Circuit case which the Supreme Court affirmed, however, involved the Indian Gaming Regulatory Act and not § 106(b). In *State of Georgia v. Burke (In re Burke)*, 146 F.3d 1313 (11th Cir.1998), the Eleventh Circuit addressed § 106(b) but did not determine its constitutionality. The court in *Burke* held that a state waived its Eleventh Amendment immunity when it filed proofs of claim for unpaid state income taxes. *Id.* at 1317. In a footnote the court explained that

> although we do not rely on § 106(b) and it does not control our analysis, the language of § 106(b) may well be a correct restatement of the jurisprudence regarding waiver of Eleventh Amendment immunity. *See Wyoming Dep't of Transp. v. Straight (In re Straight)*, 143 F.3d 1387 (10th Cir.1998) (concluding

that § 106(b) "follows the lead already established by the Supreme Court in *Gardner v. New Jersey*" and "merely codifies an existing equitable circumstance under which a state can choose to preserve its immunity by not participating in a bankruptcy proceeding or to partially waive that immunity by filing a claim"); *In re Creative Goldsmiths*, 119 F.3d at 1147 (acknowledging that § 106(b) "may correctly describe those actions that, as a matter of constitutional law, constitute a state's waiver of the Eleventh Amendment"); *AER–Aerotron*, 104 F.3d at 683 (Niemeyer, J., concurring) (concluding that although § 106 "may restate the law of Eleventh Amendment waiver, it does not establish the law on the subject").

*Id.* at 1317 n. 8. As the Eleventh Circuit, citing the Tenth Circuit, recognized in this footnote, the Supreme Court came closest to determining the constitutionality of § 106(b) in *Gardner v. New Jersey*, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947), wherein the Court determined that under the Bankruptcy Act the provision that bestows jurisdiction upon a bankruptcy court over a governmental unit that files a proof of claim is constitutional. In *Gardner*, the Court found that a reorganization court has jurisdiction over the proof and allowance of a tax claim. The Court explained that when the Bankruptcy Act bestows jurisdiction upon the reorganization court over "holders of claims," a state and its officers and agencies are included. Furthermore, the Court reasoned that it is inconceivable that Congress intended to exclude "the large class of tax claims which recurringly appears in reorganizations and often assumes ... large proportions." *Id.* at 573, 67 S.Ct. 467. The Court in *Gardner* also found that

> [w]hen a State files a proof of claim in the reorganization court, it is using a traditional method of collecting a debt. A proof of claim is, of course, prima facie evidence of its validity. But the bankruptcy court whose aid is sought for

enforcement of an asserted claim is not bound to treat the tendered proof as conclusive. When objections are made, it is duty bound to pass on them. That process is, indeed, of basic importance in the administration of a bankruptcy estate whether the objective be liquidation or reorganization. Without that sifting process, unmeritous or excessive claims might dilute the participation of legitimate claimants.

*Id.* at 573, 67 S.Ct. 467 (citations omitted). The Supreme Court, in *People of State of New York v. Irving Trust Co.,* 288 U.S. 329, 333, 53 S.Ct. 389, 77 L.Ed. 815 (1933), explains the importance of adhering to Bankruptcy procedures when asserting a claim against a debtor's bankruptcy estate: "If a state desires to participate in the assets of a bankrupt, she must submit to appropriate requirements by the controlling power; otherwise, orderly and expeditious proceedings would be impossible and a fundamental purpose of the Bankruptcy Act would be frustrated."

In the instant case, the "appropriate requirements" that Tax Collector must follow to "participate in the assets" of Plaintiff are spelled out in § 106: file a proof of claim and submit self to jurisdiction of the instant Bankruptcy Court, the "controlling power." By filing a proof of claim, Tax Collector demonstrated a desire "to participate in the assets" of Plaintiff. Tax Collector, however, does not wish to submit to this Court's jurisdiction. Tax Collector's and Property Appraiser's primary argument is that this Court lacks subject matter jurisdiction over Tax Collector's claim because Tax Collector and Property Appraiser are officers of the state of Florida and so protected from the suit by the doctrine of sovereign immunity. The *Gardner* Court, however, found that a reorganization court's exercise of jurisdiction over a state pursuant to the state's proof of claim is not a suit against the state. The Court in *Gardner* noted:

It is traditional bankruptcy law that he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure. If the claimant is a State, the procedure of proof and allowance is not transmitted into a suit against the State because the court entertains objections to the claim. The State is seeking something from the debtor. No judgment is sought against the State. The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a res. It is none the less such because the claim is rejected in toto, reduced in part, given a priority inferior to that claimed, or satisfied in some way other than payment in cash. When the State becomes the actor and files a claim against the fund it waives any immunity which is otherwise might have had respecting the adjudication of the claim.

*Id.* In the instant case under the Bankruptcy Code, Tax Collector filed a proof of claim and Plaintiff objected to that claim. Subsequently, this Court ordered Plaintiff to file the instant Adversary Proceeding incorporating Plaintiff's objection to Tax Collector's claim and naming as Defendants Tax Collector, Property Appraiser and "all taxing authorities who have not been paid who levied taxes against the property." Under the Bankruptcy Act, it was not necessary for debtor to file such an adversary proceeding to object to the allowance of a claim. Under the Bankruptcy Code and the corresponding Federal Rules of Bankruptcy Procedure, however, when a debtor seeks to object to a claim and determine the validity, priority, or extent of a lien, that debtor must do so via an adversary proceeding. *See* Fed. R.Bankr.P. 3007 and 7001.

■ Although *Gardner* involved an objection to claim instead of an adversary proceeding, this Court finds that the *Gardner* Court's findings and reasoning is applicable to the instant case. When a debtor objects to a claim, that debtor often does so to challenge the "validity, priority,

or extent" of the lien underlying the claim. *See* 11 U.S.C. § 505. It is understandable that the debtor would want a neutral bankruptcy court to determine the validity, priority, or extent of a creditor's lien disputed by that debtor. Congress, in promulgating the modern Federal Rules of Bankruptcy Procedure, has determined that an adversary proceeding is the proper vehicle through which a debtor may object to a claim and ask the bankruptcy court to determine the validity, priority, or extent of a lien. *See* Fed.R.Bankr.P. 7001. This Court finds that this requirement does not transform the resulting adversary proceeding into a "suit" for purposes of a jurisdiction analysis such that a State, which happens to be a creditor, is immune from a bankruptcy court's determination of the validity, priority, and extent of the lien being challenged. *Gardner*, therefore, controls in the instant case.

The Court finds that, under *Gardner*, the instant Adversary Proceeding is not a suit from which Tax Collector, a state officer, is immune. Because Tax Collector filed a proof of claim, seeking this Court's assistance in obtaining funds from Plaintiff's Bankruptcy Estate pursuant to certain tax liens, Tax Collector is subject to this Court's jurisdiction according to the Supreme Court under *Gardner* and Congress under 11 U.S.C. § 106(b). As a result, this Court holds that 11 U.S.C. § 106(b), which states that a governmental unit waives sovereign immunity when it files a proof of claim, does not violate the Eleventh Amendment.

 Tax Collector suggests that § 106 offends not only the Eleventh Amendment but also Section § 768.28(17), Florida Statutes. The Court finds that Section § 768.28(17), Florida Statutes does not factor into the equation because that provision very clearly states that *"[n]o provision of this section, or of any other section of the Florida Statutes* ... shall be construed to waive the immunity of the state or any of its agencies from suit in federal court ... unless such waiver is

explicitly and definitely stated...." This section does not (nor does it have the authority to) prohibit federal statutes from being construed to waive sovereign immunity. Rather, § 768.28(17) speaks only to "the Florida Statutes." The Supremacy Clause of the United States Constitution precludes States from enacting statutes that contravene federal statutes. See U.S. CONST. Art. VI. *See also In. re Midway Airlines,* 175 B.R. 239, 243 (Bankr.N.D.Ill. 1994) (holding that "any state common law or other law to the contrary must defer to the relevant provisions of the Bankruptcy Code enacted by Congress, pursuant to the Supremacy Clause of the United States Constitution."). If § 768.28(17) was speaking to federal statutes, it would be violative of the Supremacy Clause and thus unconstitutional. As such, it would certainly not be a barrier to this Court's holding that § 106(b) is constitutional.

Tax Collector advances and joins in several other arguments regarding sovereign immunity and the unconstitutionality of § 106(b), citing a number of cases that arguably support these arguments. After carefully considering each argument and case in support thereof, the Court is not persuaded to adopt Tax Collector's position. Although most of the cases cited are not analogous to or controlling in the instant case, Tax Collector does discuss *Gardner*. Tax Collector states that *Gardner* is "clearly distinguishable" because it "involved a situation wherein a state made a claim against the 'fund' " and the instant case "involves taxes for which the Debtor was personally liable." Tax Collector goes on to suggest that *Gardner* supports his position. The Court disagrees. Tax Collector quotes an excerpt of *Gardner*, wherein the Court held that "the reorganization court lacked the power ... to redetermine for state tax purposes the property value ... where that value *had already been determined in state proceedings* which provided ample protection" to the property owner's rights. *Gardner*, 329 U.S. at 578, 67 S.Ct. 467 (emphasis added).

■ Although the Court believes *Gardner* to be sufficiently analogous to the instant case to apply its principal findings and reasoning, the Court notes that no *state court* in the instant case has determined the property value of Plaintiff's property. Property Appraiser, a *state officer,* made that determination. Therefore, *Gardner's* holding that a bankruptcy court may not redetermine property value when a state court already made that determination does not preclude this Court from making the 11 U.S.C. § 505 determination of the validity, priority, and extent of the tax liens underlying Tax Collector claim. Tax Collector argues that this Court, "in the interest of comity," should abstain from making the § 505 determination because Plaintiff's failure to timely challenge the property valuation and tax assessments constituted a determination in state court that this Court should defer to. This Court disagrees. The Supreme Court in *Gardner* clearly states that a reorganization court may not redetermine property value already *"determined in state proceedings* which provided ample protection" to the property owner's rights. This Court interprets "state proceedings" to mean state court proceedings because a state officer's determination and a bar date for challenging that determination do not provide ample protection to a property owner's rights. Therefore, this Court's § 505 determination in the instant Adversary Proceeding will not offend the principles of comity and respect for state court adjudication, and so the Court will not abstain from making it. The Court also finds support for not abstaining from making the § 505 determination in the language of § 106(a) and § 505 itself. Section 106(a) states that "sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to," *inter alia,* § 505. Section § 106(b), which this Court already declared constitutional, sets forth the extent to which the governmental unit waives sovereign immunity. Pursuant to §§ 106(a) and (b), a court may make a § 505 deter-

mination with respect to a governmental unit that has filed a proof of claim. Section 505(a)(1) authorizes a bankruptcy court to "determine the amount or legality of any tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Section 505(a)(2), though, prohibits a bankruptcy court from making such a determination if the amount or legality of a tax "was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction *before commencement of the case under this title* [.]" Because no judicial or administrative tribunal determined the amount or legality of the tax liens underlying Tax Collector's claim before the commencement of Plaintiff Bankruptcy Case, the Court finds that pursuant to 11 U.S.C. §§ 106 and 505, this Court may now make that determination.

Having determined that § 106(b) is constitutional and that it is appropriate for this Court to make the § 505 determination, the Court turns to the second dispositive issue at hand. Tax Collector and Property Appraiser argue that Tax Collector's filing of a proof of claim does not waive Property Appraiser's sovereign immunity from a suit challenging the same claim because Tax Collector and Property Appraiser are independent state officers. Furthermore, they argue that because Property Appraiser did not file a proof of claim, Property Appraiser did not waive his sovereign immunity and did not consent to the suit naming Property Appraiser as a Defendant. Therefore, Tax Collector and Property Appraiser assert that the Court lacks subject matter jurisdiction over Property Appraiser.

■ The Court notes that when Tax Collector filed a proof of claim for certain tax liens, the State's sovereign immunity was waived with respect to *that claim.* Consequently, every state officer associated with *that claim* was subject to being named as a Defendant in the Adversary

Proceeding to determine the validity, extent, and priority of the tax liens underlying *that claim.* Section 106(b) states that upon filing a proof of claim, "a governmental unit [waives] sovereign immunity *with respect to a claim* against such governmental unit that is property of the estate and arose out of the same transaction or occurrence out of which the claim of such governmental unit arose." The Court interprets this provision to mean that if one state officer (such as a tax collector) files a proof of claim, the sovereign immunity of all state officers (including property appraisers) associated with that claim or a claim that "arose out of the same transaction or occurrence" as the original claim is waived. In addition, § 194.181(2), Florida Statutes, states that "[i]n any case brought by the taxpayer or association contesting the assessment of any property, the county property appraiser shall be party defendant." In determining the validity, extent, and priority of the tax liens, it is likely that the Court will need testimony or evidence from the Property Appraiser who valuated Plaintiff's property against which the tax liens at issue apply. Although a party does not need to be named as a Defendant to give testimony or evidence, Plaintiff is challenging, *inter alia*, Property Appraiser's valuation of Plaintiff's property. Property Appraiser need not file a proof of claim indicating that he has a monetary stake in the distribution of the bankruptcy estate to be named as a Defendant.[2] Therefore, the Court concludes that Plaintiff properly named Property Appraiser, whose sovereign immunity was waived, as a Defendant in the instant Adversary Proceeding.[3] The Court stresses that jurisdiction over the subject matter, discussed below, is invoked based on the subject matter of the suit and not the parties named therein. Perhaps Tax Collector and Property Appraiser are confusing subject matter jurisdiction with personal jurisdiction.

## B. The Grounds to Dismiss the Complaint

■ Having resolved both dispositive issues framed in Section II above, the Court shifts its analysis to the three grounds advanced by Tax Collector for dismissing the Complaint. The first is the Court's "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). Given the Court's findings that § 106(b) is constitutional and that Tax Collector, by filing a proof of claim, waived sovereign immunity for himself and Property Appraiser with respect to the tax liens underlying the claim, the Court will not dismiss the complaint for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(K), 28 U.S.C. § 1334, and 11 U.S.C. §§ 106 and 505, the Court has jurisdiction over the subject matter of the instant Adversary Proceeding.

■ The second alleged fatal flaw of the Complaint is Plaintiff's "failure to state a claim upon which relief can be granted" against Tax Collector. Fed.R.Civ.P. 12(b)(6). Tax Collector argues that Plaintiff failed to state a claim against Tax Collector in the Complaint to determine the validity, priority and extent of certain tax liens held by local taxing authorities because Tax Collector did not levy those taxes. The Court finds that this argument is without merit. The Eleventh Circuit announced the standard of review for a motion to dismiss for failure to state a claim:

**2.** Property Appraiser, though, had no basis upon which to file a proof of claim because he does not have a claim against Plaintiff's Bankruptcy Estate or hold a lien on Plaintiff's property.

**3.** This Court entered an Order on July 6, 1998 requiring Plaintiff to file an Adversary Pro-

ceeding naming as Defendants Tax Collector, Property Appraiser and "all taxing authorities who have not been paid who levied taxes against the property." Section 194.181(2), Florida Statutes, requires taxpayers challenging the assessment of property to name county property appraiser as a party defendant.

It has long been the rule ... that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Moreover, in evaluating the sufficiency of the pleading attacked on motion, [the court] is required to construe the complaint in the light most favorable to the plaintiff and to take the allegations contained therein as true. The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. A 12(b)(6) motion tests only the sufficiency of the claim set out in the plaintiff's pleadings. Denial of such a motion, therefore, does not indicate that the plaintiff will ultimately prevail on a claim which withstands a 12(b)(6) challenge.

*Harris v. Procter & Gamble Cellulose Co.,* 73 F.3d 321, 324 (1996) (citing *Mann v. Adams Realty Co., Inc.,* 556 F.2d 288, 293 (5th Cir.1977) (citations omitted)). In the instant case, Tax Collector filed a proof of claim on behalf of several local taxing authorities so they may share in the distribution of Plaintiff's Bankruptcy Estate pursuant to certain tax liens on Plaintiff's property held by those taxing authorities. Plaintiff subsequently objected to that claim and filed the instant Adversary Proceeding to determine the validity, extent, and priority of those liens under § 505. Because Tax Collector filed the proof of claim, he was a necessary party to an action involving an objection to that claim and a § 505 determination of the tax liens underlying that claim. Furthermore, § 194.181(3), Florida Statutes, states that "[i]n any suit involving the collection of any tax on property, as well as questions relating to tax certificates or tax deeds, the tax collector charged under the law with collecting such tax shall be the defendant."

Having reviewed the Complaint, the Court finds that Plaintiff's allegations regarding the objection to Tax Collector's claim and the § 505 determination are sufficiently pled. Although Tax Collector did not levy the taxes at issue and did not value Plaintiff's property, Tax Collector filed the proof of claim on behalf of local taxing authorities that levied taxes and held the tax liens that form the basis of Tax Collector's claim. As such, Tax Collector was properly named as a Defendant in the instant Adversary Proceeding. Therefore, the Court will not dismiss the Complaint for failure to state a claim upon which relief can be granted.

■ The third and final ground to dismiss the Complaint advanced by Tax Collector in the Motion to Abstain and Dismiss is Plaintiff's "failure to join a party under Rule 19." Fed.R.Civ.P. 12(b)(7). Initially, Tax Collector asserts that "all ad valorem taxing authorities are needed for a just adjudication of the amount of their respective taxes" and that "it is the amount owed these taxing authorities that is the subject of dispute." Tax Collector therefore argues that because Plaintiff failed to name these "indispensable parties" as Defendants, the Complaint should be dismissed under Rule 19. Federal Rule of Civil Procedure 19(a) requires a party to be joined if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or

(2) the person claims as interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The Court finds that, under Rule 19, Plaintiff did not have to name all ad valorem taxing authorities as Defendants because

the Court can, in their absence, accord complete relief among the named parties under Rule 19. Furthermore, the Court notes that although the ad valorem taxing authorities levied the taxes on Plaintiff's property, they have not formally "claim[ed]" an interest relating to the subject of the action" before this Court. Finally, the Court finds that these taxing authorities are not "so situated that the disposition of the action in [their] absence may ... impair or impede [their] ability to protect that interest or ... leave any of the [named] parties subject to a substantial risk of incurring inconsistent obligations by reason of the claimed interest."

The Court notes that Plaintiff was ordered by this Court and required by § 194.181(2) and (3) to name Property Appraiser and Tax Collector as defendants. Although this Court also ordered Plaintiff to name as Defendants "all taxing authorities who have not been paid who levied taxes against the property," § 194.181, the provision of the Florida Statutes that prescribes the "Parties to a tax suit," does not require local ad valorem taxing authorities that levied taxes on certain property to be named as defendants to a suit challenging the tax assessments.

Tax Collector also argues that although he and Property Appraiser are indispensable parties, they should not have been named as Defendants because § 106(b) is unconstitutional and thus the Court does not have subject matter jurisdiction over the instant Adversary Proceeding. Because they were incorrectly named as Defendants but necessary parties under Rule 19 nonetheless, Tax Collector argues that the Court should dismiss the Complaint for failure to join indispensable parties. The Court is not persuaded by this circular argument. The Court therefore will not dismiss the Complaint for failure to join a party under Rule 19.

## CONCLUSION

In concluding the foregoing, the Court initially finds that 11 U.S.C. § 106(b) does not violate the Eleventh Amendment to the United States Constitution. Therefore, by filing a proof of claim, Tax Collector waived his sovereign immunity from the instant Adversary Proceeding to determine the validity, extent, and priority of certain tax liens underlying that claim. Along with his own sovereign immunity, Tax Collector waived the sovereign immunity of the State of Florida and any state agency or officer associated with that claim, including Property Appraiser. Because no state court or administrative tribunal made any determinations of the amount or legality of the tax liens underlying Tax Collector's claim, this Court will not abstain from making the 11 U.S.C. § 505 determination of the validity, extent, and priority of those liens. The Court has subject matter jurisdiction to make this determination pursuant to the Supreme Court in *Gardner*, 11 U.S.C. § 106(a), 28 U.S.C. §§ 157(b)(1) and (b)(2)(K), and 28 U.S.C. § 1334. Furthermore, Plaintiff has adequately stated a claim upon which relief can be granted against Tax Collector and Property Appraiser in the Complaint. Finally, Plaintiff has not failed to name necessary parties as Defendants to the instant Adversary Proceeding under Rule 19. Given these findings, the Court will not dismiss the Complaint for lack of subject matter jurisdiction, for failure to state a claim against which relief can be granted, or for failure to join indispensable parties.

## ORDER

In accordance with the foregoing analysis, the Court, being fully advised in the premises, hereby **ORDERS AND ADJUDGES** as follows:

1. The Motion to Abstain and Dismiss is Denied.

2. 11 U.S.C. § 106(b) does not violate the Eleventh Amendment to the United States Constitution.

3. By filing a proof of claim, Tax Collector waived his sovereign immunity and Property Appraiser's sovereign immunity

from the instant Adversary Proceeding to determine the validity, extent, and priority of certain tax liens underlying that claim.

4. Because no state court or administrative tribunal made any determinations of the amount or legality of the tax liens underlying Tax Collector's claim, this Court will not abstain from making the 11 U.S.C. § 505 determination of the validity, extent, and priority of those liens.

5. The Court has subject matter jurisdiction to make the 11 U.S.C. § 505 determination pursuant to the Supreme Court in *Gardner*, 11 U.S.C. § 106(a), 28 U.S.C. §§ 157(b)(1) and (b)(2)(K), and 28 U.S.C. § 1334.

6. Plaintiff has adequately stated a claim in the Complaint against Tax Collector and Property Appraiser upon which relief can be granted.

7. Plaintiff has not failed to name necessary parties as Defendants to the instant Adversary Proceeding under Rule 19.